FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

May 06, 2024

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>ROBERT PATRICK HANRAHAN (1), RIGOBERTO ESCOBEDO GONZALEZ (2), FELIPE FELICIANO RAMIREZ (3) TRAVIS MICHAEL MCGUIRE (4), JOSE ALFREDO CHAVEZ ARREDONDO (5), MARCO ANTHONY GOMEZ, JR. (6), THOMAS LEE WEATHERWAX (8), FABIAN ARREDONDO (9), PABLO ANGEL CASTELLON (10), JACENIR AMERZUCA DASILVA (11), JOSE ALFREDO RICARDO ARREDONDO (12), JESUS ANTONIO MIRELEZ (13), ADREAN KENDALL LAFOLLETTE (14), LOGAN PAUL SCHECK (15), BRIAN LEE SELLERS (16), MISAEL VAZQUEZ-MORENO (18), JAZMINE RENEA HART (19), MARIA ESPERANZA HERMOSO | Nos. 1:24-CR-02027-SAB-1<br>　　　1:24-CR-02027-SAB-2<br>　　　1;24-CR-02027-SAB-3<br>　　　1:24-CR-02027-SAB-4<br>　　　1:24-CR-02027-SAB-5<br>　　　1:24-CR-02027-SAB-6<br>　　　1:24-CR-02027-SAB-8<br>　　　1:24-CR-02027-SAB-9<br>　　　1:24-CR-02027-SAB-10<br>　　　1:24-CR-02027-SAB-11<br>　　　1:24-CR-02027-SAB-12<br>　　　1:24-CR-02027-SAB-13<br>　　　1:24-CR-02027-SAB-14<br>　　　1:24-CR-02027-SAB-15<br>　　　1:24-CR-02027-SAB-16<br>　　　1:24-CR-02027-SAB-18<br>　　　1:24-CR-02027-SAB-19<br>　　　1:24-CR-02027-SAB-20<br>　　　1:24-CR-02027-SAB-21<br>　　　1:24-CR-02027-SAB-22<br>　　　1:24-CR-02027-SAB-23<br>　　　1:24-CR-02027-SAB-24<br>　　　1:24-CR-02027-SAB-25<br><br>**ORDER GRANTING MOTION FOR PROTECTIVE ORDER** |

**ORDER GRANTING MOTION FOR PROTECTIVE ORDER ~ 1**

(20), MAYDA IVETTE CASTELLON (21), YESIKA ESCOBEDO ZARAGOZA (22), JOANNA ARREDONDO (23), ALEXA JOANN CARRAS-BLACKBURN (24), FERNANDO VILLEGAS (25),

                  Defendants.

Before the Court is the United States Motion for Protective Order, ECF No. 346. The United States is represented by Caitlin Baunsgard and Brian Donovan.

The United States asks the Court to issue a protective order. It explains that the above-captioned case involved a long-term multi-jurisdictional investigation, which included many sealed applications, warrants, orders and reports based, in full or in part, on the results of the sealed orders and warrants, as well as a large volume of sensitive documents obtained via Grand Jury subpoena. Many of the documents contain personal identifying information such that it would be impractical for the United States to redact the records in a timely fashion. Additionally, the discovery contains references to multiple confidential informants and cooperating defendants who have provided information in this case. The United States asserts certain defendants have attempted to kill who they believed to be a confidential informant.

The United States knows that such sealed and sensitive documents need to be produced in discovery. As officers of the court, it believes defense counsel appointed to represent the Defendants are aware of the potential ramifications of disclosing sealed or otherwise sensitive information to third parties. While it is presumed defense counsel would advise their respective clients as to the law governing sealed documents, it cannot be presumed that the individual defendants will maintain the same level of diligence that an officer of the court would with protecting the disclosure of such sealed or sensitive information.

**ORDER GRANTING MOTION FOR PROTECTIVE ORDER ~ 2**

The United States asks the Court to issue its proposed Protective Order that governs the dissemination of all discovery. It indicates it has been approved in other cases.

Because discovery has not yet begun, the Court will grant the motion on an expedited basis, subject to reconsideration if defense counsel later believes it is inappropriate to enter such order.

Accordingly, **IT IS HEREBY ORDERED:**

1. The United States Motion for Protective Order, ECF No. 346, is **GRANTED**.

2. The Court enters the following Protective Order:

    a. The United States will provide discovery materials on an on-going basis to defense counsel;

    b. Discovery materials that contain the voice or image of a confidential source[1] will be made available for defense counsels' review at the United States Attorney's Office. Until further Order of the Court, those materials may not be shown to the Defendants or left in a Defendants' custody;

    c. Defense counsel may possess, but not copy (excluding the production of necessary working copies), all discovery materials;

    d. Defense counsel may show to, and discuss with the Defendants, all discovery materials that do not contain the voice or image of a confidential source, including sealed documents;

---

[1] This term is meant to be all encompassing, to include other labels such as confidential informant, cooperating source, cooperating defendant, confidential defendant, drop out, etc., as different law enforcement agencies have different nomenclatures on how they refer to individuals who cooperate with law enforcement.

**ORDER GRANTING MOTION FOR PROTECTIVE ORDER ~ 3**

e. Defense counsel shall not provide original or copies of any discovery materials to the Defendants. This is meant to include verbatim, or close to verbatim, recitations of discovery produced to defense counsel;

f. Defense counsel shall not otherwise provide original or copies of the discovery material to any other person, including subsequently appointed or retained defense counsel, but excluding any staff of defense counsel or investigator and/or expert engaged by defense counsel, who will also be bound by the terms and conditions of the Protective Order; and

g. The United States, defense counsel, and witnesses may reference the existence and content of sealed / protective discovery material in open and closed Court proceedings relevant to this case, provided however, any written reference to the content of the protected discovery shall be filed under seal.

**IT IS SO ORDERED**. The District Court Clerk is hereby directed to enter this Order and provide copies to counsel.

**DATED** this 6th day of May 2024.



Stanley A. Bastian
Chief United States District Judge

**ORDER GRANTING MOTION FOR PROTECTIVE ORDER ~ 4**